Mark Clayton Choate, Esq., AK #8011070
Jessica L. Srader, Esq., AK #0412105
CHOATE LAW FIRM LLC
424 N. Franklin Street
Telephone: (907) 586-4490
Facsimile: (907) 586-6633

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NEDA NAHAS,<br><br>        Plaintiff,<br><br>   vs.<br><br>CONTINENTAL CASUALTY CO.,<br><br>        Defendants | Case No. 03-00478 HG |

### APPLICATION TO MAINTAIN JURISDICTION/REOPEN MATTER

On August 23, 2005, this Court entered an Order requiring Continental to reach a determination as to the amount of benefits to which Neda Nahas was entitled by November 23, 2005. [Docket No. 73]

The parties communicated throughout the Fall of 2005 regarding both Ms. Nahas' medical condition and the calculation of her benefits. On November 17, 2005, Russell Munsey, for Continental, issued a short letter indicating that it was "initiating conditional benefits through 01/31/2006 while we continue our evaluation." The letter did not describe how the benefit amounts were determined. [Exhibit A]

1 of 5

*Nahas, Neda v. Continental Insurance (09/18/2002) [22673].*
APPLICATION TO MAINTAIN JURISDICTION/REOPEN MATTER
03-00478 HG

On December 8, 2005, counsel for Nahas wrote to Munsey [Exhibit B] and Mr. Baldemor, counsel for Continental [Exhibit C], with an itemized list of questions regarding how benefits were calculated.

On January 31, 2006, counsel for Nahas again wrote Mr. Baldemor asking for an accounting. [Exhibit D]  Subsequently, in early February, Nahas' counsel received a letter from Mr. Munsey dated January 30, 2006 [Exhibit E] describing in some detail how the accounting was conducted but providing no supporting documents for that accounting.

Ms. Nahas was very ill throughout the Spring of 2006 and was unable to work with counsel in regards to the January 30, 2006 letter until mid-April.  On April 14, 2006, Nahas' counsel wrote to Mr. Baldemor describing discovery that would be needed in regards to Continental's accounting including depositions of Chemonics and Continental personnel. [Exhibit F]

On April 17, 2006, discovery was promulgated to Continental. [Exhibit G]  On May 22, 2006, Continental responded to those discovery requests identifying as the sole response to each request, the claims file.  That file was not provided to counsel with the discovery response.  Rather, the response indicated that it "would be produced".  Nahas' counsel waited for the file and when it did not arrive by early August, employed a service in Honolulu to physically pick up the file, scan and deliver the file digitally to counsel.  [Affidavit of Counsel]

On August 9, 2006, Nahas' counsel, faxed a letter to defense counsel proposing dates for depositions of Chemonics and Continental/Hartford personnel in October.  [Exhibit H]  To date, there has been no response to that request from defense counsel. [Affidavit of Counsel]

This matter should be reopened and the Court should retain jurisdiction while discovery continues as to what should be the proper benefit amount. At present, Ms. Nahas is receiving a "minimum benefit" of $231.00. This benefit is calculated by Continental selecting the lowest possible "Monthly Earnings" amount and omitting any consideration of interest on past due amounts or cost of living.

Plaintiff needs to take the depositions of Chemonics and Continental/Hartford personnel in order to discover the basis for that benefit determination. Because there is such a huge discrepancy between Ms. Nahas' actual earnings (approximately $10,000/month) and the amount that Continental/Hartford has determined was her "monthly earnings" for LTD purposes ($3,850/month), it is critical to depose individuals at Chemonics regarding Ms. Nahas' earnings.[1]

Plaintiff respectfully requests that the Court maintain jurisdiction or in the alternative, reopen this matter, to allow her to conduct the discovery necessary to properly evaluate and respond to Continental's benefit determination.

If plaintiff can complete these depositions in late October, transcripts should be received by early November. After her review and review by plaintiff's forensic ERISA expert

---

[1] It should be noted in this regard that Ms. Nahas' was not hired in the United States for a monthly salary amount and then sent to Egypt and provided additional benefits associated with transferring an American hire to a foreign country. Instead, she was hired locally in Egypt after having been recruited from another company. Her initial "monthly earnings" were approximately $6,000.00 per month. At the end of her first year, because of her outstanding work performance as Deputy Head of Mission, her "monthly earnings" were increased to approximately $10,000.00 per month.

3 of 5
Nahas, Neda v. Continental Insurance (09/18/2002) [22673].
APPLICATION TO MAINTAIN JURISDICTION/REOPEN MATTER
03-00478 HG

accountant, she should be able to file any necessary motion to have the Court review the benefit determination by December 15, 2006 at the latest.

DATED this 22nd day of August, 2006 at Juneau, Alaska.

Respectfully submitted,
CHOATE LAW FIRM LLC

/s/ Mark Choate
_____
MARK CHOATE
424 N. Franklin Street
Juneau, AK 99801
Phone: (907) 586-4490
Fax: (907) 586-6633
EM: lawyers@choatelawfirm.com
AK Bar: 8011070

Attorneys for Plaintiff

*Nahas, Neda v. Continental Insurance (09/18/2002) [22673].*
APPLICATION TO MAINTAIN JURISDICTION/REOPEN MATTER
03-00478 HG

**PROOF OF SERVICE**

STATE OF ALASKA, FIRST JUDICIAL DISTRICT AT JUNEAU

I am employed in the City and Borough of Juneau, State of Alaska.. I am over the age of 18 and not a party to the within action. My business address is 424 N. Franklin Street, Juneau, AK 99801.

On August 22, 2006, I served the foregoing document described as **AFFIDAVIT OF COUNSEL**, on the interested parties in this action by serving the original true copies, addressed as follows:

John Lacy, Esq.
Randolf Baldemor
Goodsill, Anderson, Quinn & Stifel,
Attorney For: CAN
Alii Place
1099 Alakea St., Ste. 1800
Honolulu, HI 96813
Phone: (808) 547-5600
Fax: (808) 547-5880

☐ By mail, I deposited such envelope(s) in the mail at Juneau, Alaska, with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Juneau, Alaska, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

By personal service, I delivered such envelope(s) by hand to the ☐ office(s); ☐ the court box of the addressee(s)..

☐ By facsimile, I transmitted such documents from Juneau, Alaska, to the offices of the addressee(s).

☐ By email, I transmitted such documents from Juneau, Alaska, to the email address of the addressee(s).

☒ By electronic service through the court of record's electronic service system,.

☐ (State) I declare under penalty of perjury under the laws of the State of Alaska that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on August 22, 2006 at Juneau, Alaska.

_____
CHOATE LAW FIRM, LLC

5 of 5

*Nahas, Neda v. Continental Insurance (09/18/2002) [22673].*
APPLICATION TO MAINTAIN JURISDICTION/REOPEN MATTER
03-00478 HG

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490