NOV 21 2005

**Group Benefits Accounts**
P. O. Box 946730
Maitland, FL 32794-6730
Telephone: (800) 303-9744
Facsimile: (407) 919-6329



THE
HARTFORD

S

November 17, 2005

Choate Law Firm LLC
424 North Franklin Street
Juneau, Alaska 99801

RE:    Neda Nahas
        1133 20th Street N.W.
        Suite 600
        Washington, DC 20036

Claim Number: 2320105111
Policy Number: 83106721
Underwritten by Continental Casualty Company

Dear Neda Nahas:

Your claim for benefits under the above referenced Long Term Disability policy has been approved for payment, while we continue to investigate your claim to determine if you meet the definition of disability for any occupation, under the terms of this policy.

We are initiating conditional benefits through 01/31/2006 while we continue our evaluation. This is not an admission of liability and we are reserving our right to terminate benefits if our evaluation indicates that you do not meet the requirement for disability under the policy provisions for any occupation.

Based on previous benefits paid through 02/15/2002 for your own occupation, benefits will commence effective 02/16/2002 for the any occupation portion of your disability claim.

"Disability" means that during the Elimination Period and the following 24 months, Injury or Sickness causes physical or mental impairment to such a degree of severity that you are:

1. continuously unable to perform the Material and Substantial Duties of Your Regular Occupation; and
2. not working for wages in any occupation for which you are or become qualified by education, training or experience.

After the Monthly Benefit has been payable for 24 months, "Disability" means that Injury or Sickness causes physical or mental impairment to such a degree of severity that You are:

1. continuously unable to engage in any occupation for which You are or become qualified by education, training or experience; and
2. not working for wages in any occupation for which you are or become qualified by education, training or experience.

Your disability benefit is calculated by taking your salary or wage information and multiplying this monthly amount by your benefit percent of sixty, (60). This amount is then reduced by deductible sources of income outlined in your policy. Salary used for benefit calculation was $104,717.94.

Exhibit  A
page  1 of 2

Under separate cover, you will receive a check in the amount of $11,044.12 representing benefits for the period of 2/16/2002 through 10/31/2005. Your next benefit will be in the amount of $242.55 representing benefits for the period of 11/1/2005 through 11/30/2005.

Benefits under this policy are payable up to age 65 if you are totally disabled from any occupation as stated in your policy.

Benefits under this policy may represent taxable income under certain circumstances. Although we will not be able to advise you specifically concerning any income tax implication, we can withhold taxes at your written request.

The policy requires that you be under the regular care of a licensed physician and provide proof of your continuing disability. Therefore, we may request medical updated from your physician(s) as necessary.

To assure prompt payment of future benefits, your prompt response to our request(s) is greatly appreciated.

Should you have any questions in connection with your claim, please feel free to contact us.

Sincerely,

*Russell Munsey*
Russell Munsey
Disability Specialist
Group Benefits Accounts
1-800-303-9744

The Hartford® is The Hartford Financial Services Group, Inc. and its subsidiaries, including issuing companies Hartford Life and Accident Insurance Company, Hartford Life Insurance Company and CNA Group Life Assurance Company (pending state approval of name change to "Hartford Life Group Insurance Company").

December 8, 2005                                    Faxed only to: (407) 919-6329

Russell Munsey
Disability Specialist
The Hartford
Group Benefit Accounts
P.O. Box 946730
Maitland, FL 32794-6730

    Re:    Request for Accounting
    Case:  *Nahas v. CNA*
    Client:  Neda Nahas
    CLF#:  22673
    D/O:  09/14/2000

Dear Mr. Munsey:

I am in receipt of your letter dated November 17, 2005. I do not understand the benefit calculations and would appreciate the following information:

1) The gross income amount upon which the benefit was calculated and the basis for that decision and how that gross income was determined?
2) The reason why you chose to commence benefits on February 16, 2002?
3) The basis for calculating dependent SS Disability at $498.00/month beginning 2/16/2002?
4) The basis for calculating primary SS Disability at $944.00/month beginning 2/16/2002?
5) The basis for calculating monthly workers compensation at $3905.55/month beginning 2/16/2002 to 08/27/2002?
6) The basis for calculating monthly workers compensation at $2083.33 beginning on 08/27/2002 to 11/30/2005?
7) Whether COLA (cost of living) was calculated, and if so, how was it determined?
8) Whether interest was included in any of your calculations, and if so, in what amount?

Please provide this information to me via fax at (907) 586-6633. Thank you.

Sincerely,

Mark Clayton Choate
CHOATE LAW FIRM LLC


cc: Client, Baldemor

Exhibit B
page 1 of 1

December 8, 2005                                             Faxed Only to: (808) 547-5880

Randolf Baldemor, Esq.
Goodsill, Anderson, Quinn & Stifel,
Alii Place
1099 Alakea St., Ste. 1800
Honolulu, HI 96813

    Re:    Transmittal of Request for Accounting
    Case:  *Nahas v. CNA*
    Client: Neda Nahas
    CLF:   22673
    D/O::  09/14/2000

Dear Randy:

We received a check from The Hartford in this matter but I do not understand how the calculations were made. I have requested an explanation for those benefit determinations from Mr. Munsey. If you would prefer to have those communications go through your office, please advise him to the same and let me know as to when you'll have that information to me.

Sincerely,

Mark Clayton Choate
CHOATE LAW FIRM LLC


cc: Client

Exhibit C
page 1 of 1



**CHOATE LAW FIRM** LLC
TRIAL LAWYERS

ALASKA • CALIFORNIA • HAWAII

424 North Franklin Street
Juneau, Alaska 99801
Telephone (907) 586-4490
Facsimile (907) 586-6633
lawyers@choatelawfirm.com

January 31, 2006                                   Faxed Only: (808) 547-5880

Randolf Baldemor
Goodsill, Anderson, Quinn & Stifel,
Alii Place
1099 Alakea St., Ste. 1800
Honolulu, HI 96813

      Re:     Final Demand for Accounting
      Case:   *Nahas, Neda v. CNA [22673]*
      Client:  Neda Nahas
      CLF:    22673
      D/O:    NA

Dear Randy:

When we spoke on January 20, 2006, you assured me that I would be receiving in the next week, the accounting I have been trying to obtain for almost two months. Nothing has arrived and I think it's time we take this to the judge for resolution. If I don't have an accounting responding to the specific questions I raised in my December 8, 2005 letter (attached) by <u>close of business on Thursday, February 2, 2006</u>, I shall immediately file a motion for appropriate relief with the Court.

Sincerely,

Mark Choate
CHOATE LAW FIRM, LLC

cc: Client

Exhibit D
page 1 of 1



January 30, 2006

Choate Law Firm LLC
424 North Franklin Street
Juneau, Alaska 99801

FEB 03 2006

RE: Neda Nahas

Claim Number: 2320105111
Policy Number: 83106721
Underwritten by Continental Casualty Company

Dear Mr. Choate:

We are responding to your letter dated December 8, 2005, requesting further clarification of Ms. Nahas' disability benefits.

Your first question pertains to the derivation of the gross income amount upon which the monthly benefit is calculated. Our calculation of income is determined by the Long Term Disability (LTD) policy for Chemonics International.

The policy states, "How do we define Earnings?" "Monthly Earnings" will equal the Monthly wage or salary that you were receiving from your employer on the Date of Disability. In includes:
1. employee contributions made through a salary reduction agreement with Your employer to an IRC Section 401 (k), 403 (b), 501 (c)(3), 457 deferred compensation plan, or any other qualified or non-qualified employee Retirement Plan or deferred compensation arrangement; and
2. Amounts contributed to your fringe benefits according to a salary reduction arrangement under an IRC section 125 plan.

It does not include:
1. commissions;
2. bonuses;
3. overtime pay;
4. Your employer's contribution on your behalf to a Retirement Plan or deferred compensation arrangement; or any other extra compensation.

Review of Ms. Nahas' Monthly Earnings Statements dated 8/31/200, 7/31/00, and 6/30/00 reflect Regular Monthly Earnings of $3,850.00 per month. This information was provided by her employer, and was documented in the claim file.

Exhibit  E
page  1  of  5

Ms. Nahas' employer also sent hand written documentation that stated Ms. Nahas' base annual salary was $48,510.00 a year; this equated to $4,042.50 a month. Initially, this is the amount we used to determine the monthly benefit. The recent statement that Ms. Nahas' salary was $104,717.94 was incorrect. However, upon reviewing additional information, we have now determined that the correct amount is $3,850.00 and we will use it to calculate her LTD benefits from now on.

In response to your inquiry, we again tried to verify her earnings and determine the monthly salary amount, as stipulated by the policy. We reviewed copies of Ms. Nahas' 2000 W2 information and found that there were inconsistencies with her income reported on them as well. Ms. Nahas has one W2 which states she earned $55,888.71 plus $35,763.44 in other Misc. Taxable Comp and another W2 for the same year which states she earned $55,686.71 plus $51,058.17 in other Misc. Taxable Compensation.

We contacted Ms. Nahas' employer, Chemonics International and spoke with Mr. Kevin Duffy on several occasions in order to clarify the differences in the reported income on the two 2000 W2s and the two disparate monthly salary amounts initially provided. Also, we tried to clarify the recently identified other employer paid income referenced as "Post Pay" in the amount of $577.50 per month.

Mr. Duffy was unable to provide specific details, or any documentation, with regard to what the other income (e.g. 2000 W2 amounts, base salary amounts and post pay amounts) represented. You will note that the LTD policy explicitly excludes "any other extra compensation" for purposes of determining the monthly salary. Also, the policy does not stipulate the use of W2 information to calculate a monthly salary. The W2 information we reviewed pertains to the year 2000, a partial year due to her work stoppage and would not be applicable, even if such W2 information were to be considered.

Additionally, we contacted Ms. Donna Sprags with CNA Global Claims to obtain any information they used in determining Ms. Nahas's salary with regards to her claim with that entity. Please note that Ms. Sprags informed us that CNA Global used a state statute to determine the salary used for their benefit calculation. We were unable to obtain more details.

This LTD claim is governed by the policy, not state Workers Compensation statutes. CNA Global Claims did not provide any additional information that was useful in clarifying Ms. Nahas' pre-disability salary for purposes of calculating the monthly LTD benefit.

We investigated the matter further by contacting our Premium Administration department. They verified applicable rate was .0068. Ms. Nahas' premium deduction for disability coverage was $26.18 per month as reflected by payroll information from June, July and August of 2000 (copies of payroll information). This would be the appropriate monthly premium amount based on a monthly salary of $3850.00 (e.g. $3850.00 multiplied by .0068 equals 26.18). There is no evidence she paid any additional premium to cover other compensation over and above the base salary of $3850.00 per month.

Exhibit _E_
page _2_ of _5_

Finally, to continue our due diligence with regard to evaluating Ms. Nahas' salary in accordance with the policy's provisions, we had an independent financial professional review the financial information we gathered concerning the income she received from Chemonics International. This review further supported our assessment that her base pay and subsequent benefit calculation be founded on the amount of $3850.00 per month. No additional information has been provided that would allow us to conclude otherwise.

Therefore, the amount which will be used to calculate monthly earnings and derive the monthly disability benefit is $3850.00. This equates to a gross monthly benefit; i.e. prior to deductions (offsets), of $2,310.00 and a minimum monthly benefit of $231.00.

Should your office have any additional financial information which would support a different amount, in accordance with the LTD policy, please feel free to submit this information for our review and consideration.

Question # 2 asks the reason why we chose to commence benefits on February 16, 2002.

Please note that this was a typographical error on our part. Disability benefits will be calculated to show that they continued from 12/16/2002 to the present as the prior two year period was paid in accordance to the settlement agreement. December 16, 2002 is the date the definition of Disability changes per the policy (i.e. disability from one's own occupation to disability from all other occupations).

Question # 3 pertains to the amount we used to reduce the LTD benefit by SS Dependent Disability income in the amount of $498.00 per month beginning 2/16/2002.

This offset would actually begin on 12/16/2002 as previously stated in question number two (2). Dependent SS Disability is equal to Monthly award provided as $529.00 per month in 2004 less Social Security's retroactive Cost of Living Adjustments (COLA). We used the initial award amount as of 2001. We do not further reduce the LTD benefits by COLA increases.

Question # 4 is similar to #3 but concerns the Primary SS Disability income amount of $944.00 as of 2/12/2002.

As previously stated this offset should have begun as of 12/16/2002 and was adjusted to reflect the initial Primary SS Disability amount of $944.00 as of 10/6/01. Again, it is lower than the current amount because COLA increases are not included in the reduction of the LTD benefits.

Question # 5 concerns the basis for calculating monthly workers compensation at $3,905.00 per month beginning 2/12/2002 through 8/27/2002. This is related to Question # 6 regarding the basis for calculating monthly workers compensation at $2,083.33 a month beginning on 8/27/02 to 11/30/2005

Exhibit _E_
page _2_ of _5_

In response to question number 5, the offset date should have begun as of 12/16/2002, since this is after 8/26/2005 this offset would not have any impact on Ms. Nahas's disability benefit.

Please note, the offset of $3,905.00 a month was taken from the "Payment of Compensation without Award Amended" form dated 7/2/01 which reflects Workers' Compensation benefits of $901.28 per week. Since benefits are paid on a monthly basis, offsets (reductions) are converted in to a monthly amount as well. This offset was calculated as follows: $901.28 multiplied by 52 weeks gives an annual amount of $46,866.56 which is divided by 12 months which equals $3,905.00 a month. Again, since this amount was in effect prior to 12/16/02, it has no relevance to the benefit payments.

Regarding question number 6, the offset beginning on 8/27/2002 is correct and reduced payments as of the post-settlement LTD benefit continuation on 12/16/2002 as well. The date of 8/27/2002 represents the settlement of the Workers Compensation claim with CNA Global in the amount of $125,000.00. This lump sum amount is prorated in accordance with the LTD policy's provisions. The Chemonics International's Long Term Disability policy states on page 6 under "What are the Deductible Sources of Income; Proration of Lump Sum Awards:"

"If any benefit described above is paid in a single sum through compromise settlement or as an advance on future liability, we will determine that amount of reduction to Your Monthly Benefit as follows:
1. We will divide the amount paid by the number of months for which the settlement or advance was provided; or
2. If the number of months for which the settlement or advance was made is not known, we will divide the amount of the settlement or advance by the expected remaining number of months for which we will provide benefits for your disability based on the Proof of Disability which we have, subject to a maximum of 60 months.

Therefore, if one takes the settlement award of $125,000.00 and divides it by 60 months, it equals an offset (reduction) of $2,083.33 per month.

Question # 7 and Question # 8 question whether cost of living was calculated or if interest was included in any of our calculations.

Chemonics International's long term disability policy does not have a provision for cost of living adjustments so this was not a factor in our calculations. Similarly, interest was not included in any of our calculations either.

Exhibit E
page 4 of 5

In conclusion, we paid Ms. Nahas at the higher minimum benefit of $242.55 than what she was entitled to receive ($231.00) based on our recent investigation, conducted at your request. Additionally, we inadvertently paid her beginning 2/16/02 and not from 12/16/02 as we should have. Thus, Ms. Nahas was overpaid for (10) months of LTD income. This amount equals $2,425.50. In addition, she was paid the difference of $11.55 a month (242.55 – 231) for the period 12/16/02 through 1/31/06. This amount is $433.51 (37 months, 16 days @ $11.55 per month). Her total resulting overpayment is equal to $2,859.01. We reserve our right to pursue collection of this $2,859.01 overpayment.

Restating the above, benefits will be based on the monthly salary of $3,850.00. The benefit percent of 60% as stipulated by the policy yields gross monthly benefit of $2,310.00. Reducing the gross monthly benefit by Primary Social Security equal to $944.00 a month, dependent Social Security equal to 498.00 a month and the prorated monthly Workers Compensation settlement amount of $2,083.33 a month results in the minimum monthly benefit of $231.00.

The Workers Compensation offset will no longer apply at the end of 60 months; i.e. 8/26/2007.

Please note that the minimum monthly benefit payable under this policy is the greater of $100.00 or 10% of the monthly benefit prior to the reductions outlined above. In her case, the minimum benefit is $231.00 per month, 10% of the gross benefit prior to reductions.

Benefits after 8/26/2007 will be reduced by Ms. Nahas' primary and dependent Social Security income and possibly other income she may become entitled to receive in accordance with the policy's provisions. We anticipate that dependent SS benefits will end when Ms. Nahas' youngest child reaches the age of 18 or 19, contingent upon factors such as the date the child graduates from high school.

Should you require additional information regarding this matter, please call.

Sincerely,

Russell Munsey
Claims Examiner
Hartford Life and Accident Insurance Co.

The Hartford® is The Hartford Financial Services Group, Inc. and its subsidiaries, including issuing companies Hartford Life and Accident Insurance Company, Hartford Life Insurance Company, and Hartford Life Group Insurance Company. All products administered by The Hartford. Some products underwritten by Continental Assurance Company or Continental Casualty Company.

Exhibit E
page 5 of 5

Benefit Management Services
Maitland Claim Office
P.O. Box 946710
Maitland, FL 32794-6710
Fax (407) 919-6329



**CHOATE LAW FIRM** LLC
TRIAL LAWYERS

ALASKA • CALIFORNIA • HAWAII

424 North Franklin Street
Juneau, Alaska 99801
Telephone (907) 586-4490
Facsimile (907) 586-6633
lawyers@choatelawfirm.com

April 14, 2006

Randolf Baldemor
Goodsill, Anderson, Quinn & Stifel
Alii Place
1099 Alakea St., Ste. 1800
Honolulu, HI  96813

John Lacy, Esq.
Goodsill, Anderson, Quinn & Stifel
Alii Place, suite 1800
1099 Alakea Street
Honlolulu, HI  96813

    Re:    Additional Discovery - Depositions
    Case:  *Nahas, Neda v. CNA [22673]*
    Client:  Nahas
    CLF:    22673
    D/O:    September 14, 2000

Dear Gentlemen:

I have spent some time reviewing Russell Munsey's letter dated January 30, 2006.  It is clear that in order to evaluate the carrier's position in regards to the calculation of Neda Nahas' LTD benefits, I am going to need to conduct some additional discovery.  In particular, I'm going to need copies of all records considered or reviewed by Mr. Munsey in preparing his January 30, 2006 letter.  Second, I'm going to need to take Mr. Munsey's deposition.  Third, I'm going to need to see all documents in the carrier's files regarding the LTD contract with Chemonics and specifically, all materials which discuss or reference in any fashion how LTD wages are to be calculated.  I'll need a 30(b)(6) of the individual at the carrier most familiar with that contract and these issues.

In addition, I will be issuing subpoenas to Chemonics for it's employment file of Ms. Nahas (US and Egypt) and it's set of documents in regards to the LTD contract with the Hartford.  On the same deposition trip for Mr. Munsey and Hartford's 30(b)(6) designee, I will also plan on deposing the Chemonics' personnel most familiar with Ms. Nahas' employment and their 30(b)(6) designee most familiar with the LTD contract.  I expect those depositions to take in total, no more than 2 ½ days.

Exhibit _F_
page _1_ of _2_

– Page 2
April 14, 2006

I will issue subpoenas and propound discovery to you early next week. Would you please check with your client and your schedule for a time in approximately sixty (60) days in which we can make a trip to the East Coast for these depositions? Thank you.

Sincerely,

Mark Choate
CHOATE LAW FIRM, LLC

cc: Client

Exhibit F
page 2 of 2