GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOHN R. LACY                    1397-0
    jlacy@goodsill.com
RANDOLF L.M. BALDEMOR   7421-0
    rbaldemor@goodsill.com
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorney for Defendant
CONTINENTAL CASUALTY CO.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NEDA NAHAS,<br><br>        Plaintiff,<br><br>vs.<br><br>CONTINENTAL CASUALTY CO.,<br><br>        Defendant. | CIVIL NO. 03-00478 HG-LEK<br><br>DEFENDANT CONTINENTAL CASUALTY CO.'S RESPONSE TO NAHAS' REQUESTS FOR PRODUCTION TO CONTINENTAL CASUALTY CO., DATED APRIL 17, 2006 |

**DEFENDANT CONTINENTAL CASUALTY CO.'S
RESPONSE TO NAHAS' REQUESTS FOR PRODUCTION TO
CONTINENTAL CASUALTY CO., DATED APRIL 17, 2006**

In accordance with Rule 34 of the Federal Rules of Civil Procedure,

Defendant CONTINENTAL CASUALTY CO. (hereinafter "Defendant"), by

Exhibit G
page 1 of 17

1374472.1

and through its attorneys, GOODSILL ANDERSON QUINN & STIFEL, hereby responds and objects to Plaintiff NEDA NAHAS' (hereinafter "Plaintiff") Requests for Production of Documents to CONTINENTAL CASUALTY CO. dated April 17, 2006.

## GENERAL RESPONSE AND OBJECTIONS

1.  Defendant objects to Plaintiff's request to the extent that it seeks to impose burdens or obligations greater than the requirements of Rules 26 and 33 of the Federal Rules of Civil Procedure.

2.  Defendant objects to the definitions and instructions supplied by Plaintiff with regard to the request to the extent that the definitions and instructions are overbroad, burdensome, vague, and often inconsistent with the normal usage and meaning of such words, invade privileged matters, and constitute an improper and unreasonable expansion of the interrogatories themselves.

3.  Defendant therefore gives notice that it does not consider itself bound by the definitions and instructions propounded by Plaintiff and instead shall answer the request in a manner consistent with the normal understanding of the language used in the answer and to the extent necessary to fairly, properly, and fully answer the request in accordance with the Federal Rules of Civil Procedure and in proper protection of privileged matters.

4.    Defendant objects to each request to the extent that it seeks information that is protected by the attorney-client privilege, the work-product privilege or any other applicable privilege, and/or that it seeks the mental impressions, conclusions, opinions or legal theories of one or more attorneys for Defendant or the representatives of such attorneys, or documents containing the same. Defendant reserves the right to withhold privileged information, documents and materials. Based upon the attorney-client privilege and the attorney work product doctrine, Defendant specifically objects further to requests which seek to require Defendant's attorneys to review documents and to select for plaintiff's counsel those relating to a particular allegation.

5.    Defendant objects to each request to the extent that it seeks to invade confidential or proprietary business information of a competitive or sensitive nature or trade secrets.

6.    Defendant objects to each request to the extent that it seeks information which is as easily available to Plaintiff as to Defendant.

7.    Defendant objects to each request to the extent that it seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

8.    Defendant objects to each request to the extent that it is overbroad, unduly burdensome, duplicative, oppressive, vague, unintelligible

and/or ambiguous. Without waiving said objection, Defendant will endeavor to provide such information as it can, although the information provided cannot be deemed all-inclusive. Other facts or witnesses not thought of may also bear upon the contentions and defenses at issue.

Defendant's statement that responsive documents will be produced shall not be construed as an admission or acknowledgement that the related request is proper, that the information it seeks is within the proper bounds of discovery or that future requests for similar information will be treated in a similar fashion. Furthermore, Defendant's statement that responsive documents will be produced does not constitute a representation that such documents exist, but only that a search for such documents will be made of the likely repositories of such documents. Because all responsive documents may not yet have been located and/or identified, Defendant reserves the right to assert additional objections to production as appropriate.

9. Defendant objects to each request to the extent it seeks matters outside of and in addition to the administrative record.

To the extent that the requested documents fall outside the above-listed objections, Defendant will produce documents at GOODSILL, ANDERSON, QUINN & STIFEL, LLP at a time and date mutually convenient to the parties or will copy said documents subject to a mutually agreeable arrangement. Subject to these objections, Defendant responds as follows:

//
//
//
//
//
//
//
//
//
//
//
//
//

Exhibit G
page 5 of 17

**REQUEST FOR PRODUCTION NO. 1:** Please produce copies of all documents, written materials, records, wage information, communications, correspondence and writings of any type, whether physical (on paper) or digital, which were considered, reviewed or consulted in drafting the January 30, 2006 letter by Russell Munsey, Claims Examiner, Hartford Life and Accident Insurance Co.

**RESPONSE NO. 1:**

To the extent this request seeks personal data regarding Chemonics employees, Defendant objects to the request based on privacy and HIPAA grounds. Without waiving the objections set forth herein, a copy of the claims examiner file will be produced.

**REQUEST FOR PRODUCTION NO. 2:** Please produce copies of all documents which Russell Munsey considered and/or relied upon in making the statement at page 2 of the January 30, 2006 letter: "The recent statement that Ms. Nahas' salary was $104,717.94 was incorrect."

**RESPONSE NO. 2:**

See response to request No. 1

Exhibit G
page 6 of 17

**REQUEST FOR PRODUCTION NO. 3:** Please produce copies of all documents, telephone logs, emails, etc., that reference or relate to communications between The Hartford and Chemonics in regards to determining Neda Nahas' income for LTD purposes.

**RESPONSE NO. 3:**

See response to request No. 1

**REQUEST FOR PRODUCTION NO. 4:** Please produce copies of all documents, telephone logs, emails, etc., that reference or relate to communications between the Hartford and Kevin Duffy in regards to determining Neda Nahas' income for LTD purposes.

**RESPONSE NO. 4:**

See response to request No. 1

Exhibit _6_
page _7_ of _7_

**REQUEST FOR PRODUCTION NO. 5:** Please produce copies of all documents which you considered, relied upon and/or believe support your position that any portion of Neda Nahas's earnings while a Chemonics' employee would not be considered "Earnings" for purposes of calculating LTD.

**RESPONSE NO. 5:**

See response to request No. 1

**REQUEST FOR PRODUCTION NO. 6:** For all W2 income which Neda Nahas received which you have concluded are not earnings, please identify what parts of that W2 income fall into the following identified categories on the LTD policy:

1. commissions;
2. bonuses;
3. overtime pay;
4. Your employer's contribution on *Your* behalf to a *Retirement Plan* or deferred compensation arrangement; or any other extra compensation;

**RESPONSE NO. 6:**

See response to request No. 1

Exhibit G
page 8 of 17

**REQUEST FOR PRODUCTION NO. 7:** Please produce copies of all documents, telephone logs, emails, etc., that reference or relate to communications between The Hartford and Donna Spraggs in regards to determining Neda Nahas' income for LTD purposes.

**RESPONSE NO. 7:**

See response to request No. 1

**REQUEST FOR PRODUCTION NO. 8:** Please produce copies of all documents in the CNA Global Claims file of Neda Nahas that were considered and or reviewed in making the determination as to LTD benefits.

**RESPONSE NO. 8:**

See response to request No. 1

Exhibit G
page 9 of 17

**REQUEST FOR PRODUCTION NO. 9:** Please produce copies of all documents, telephone logs, emails, etc., that reference or relate to communications between The Hartford and the Premium Administration Department regards to determining Neda Nahas' income for LTD purposes.

**RESPONSE NO. 9:**

See response to request No. 1

**REQUEST FOR PRODUCTION NO. 10:** Please produce copies of all documents in the Premium Administration department which reference disability coverage for Neda Nahas while employed by Chemonics. Include all information which sets forth the basis for premium calculations as well as whether there were ever any modifications or changes to those premiums.

**RESPONSE NO. 10:**

See response to request No. 1

Exhibit G
page 10 of 17

**REQUEST FOR PRODUCTION NO. 11:** Please produce copies of all documents received from or sent to Chemonics by The Hartford and/or Continental Casualty Co. in regards to LTD coverage for Chemonics' employees in Egypt from January 1, 1996 to January 1, 2001.

**RESPONSE NO. 11:**

See response to request No. 1

**REQUEST FOR PRODUCTION NO. 12:** Please produce copies of the original application by Chemonics to Continental Casualty Co. for LTD coverage for its Egypt-based employees.

**RESPONSE NO. 12:**

See response to request No. 1

Exhibit 6
page 11 of 17

11

**REQUEST FOR PRODUCTION NO. 13:** Please produce copies of all communications from Continental Casualty Co. and The Hartford between January 1, 1996 and January 1, 2001 which describe in any fashion the:

1) the coverage provided by the LTD policy issued by Continental Casualty;

2) how earnings are to be calculated;

3) under what circumstances, earnings are to be adjusted or modified depending upon promotions, salary increases and/or changes in benefits;

4) any modifications to coverage for Egypt-based employees during that time period.

**RESPONSE NO. 13:**

See response to request No. 1

Exhibit G
page 12 of 17

**REQUEST FOR PRODUCTION NO. 14:** Please produce copies of all documents, telephone logs, emails, etc., that reference or relate to communications between The Hartford and "the independent financial professional" referenced in the first paragraph of page 3 of the January 30, 2006 letter by Russell Munsey.

**RESPONSE NO. 14:**

See response to request No. 1

**REQUEST FOR PRODUCTION NO. 15:** Please provide a copy of the "Settlement Agreement" referenced in paragraph 5 on page 3 of the January 30, 2006 letter by Russell Munsey and provide copies of all documents which support your apparent position that such settlement resolved the LTD disability claim for the first two years of Ms. Nahas' disability.

**RESPONSE NO. 15:**

See response to request No. 1

**REQUEST FOR PRODUCTION NO. 16:** Please produce copies of all documents which support your position that cost of living adjustments (COLA) are not required to be paid on this LTD policy.

**RESPONSE NO. 16:**

See response to request No. 1

**REQUEST FOR PRODUCTION NO. 17:** Please produce copies of all documents which support your contention that you have no duty to pay interest on this policy.

**RESPONSE NO. 17:**

See response to request No. 1

Exhibit 6
page 14 of 17

**REQUEST FOR PRODUCTION NO. 18:** Please produce a <u>complete</u> copy of Neda Nahas' Defense Base Act (DBA) file.

**RESPONSE NO. 18:**

See response to request No. 1

DATED: Honolulu, Hawaii, _____ MAY 1 5 2006 _____.

_____
JOHN R. LACY
RANDOLF L. M. BALDEMOR

Attorneys for Defendant
CONTINENTAL CASUALTY CO.

Exhibit G
page 15 of 17

GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOHN R. LACY                    1397-0
     jlacy@goodsill.com
RANDOLF L.M. BALDEMOR    7421-0
     rbaldemor@goodsill.com
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorney for Defendant
CONTINENTAL CASUALTY CO.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 1 5 2006

at 11 o'clock and 45 min A M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NEDA NAHAS,<br><br>    Plaintiff,<br><br>vs.<br><br>CONTINENTAL CASUALTY CO.,<br><br>    Defendant. | CIVIL NO. 03-00478 HG-LEK<br><br>CERTIFICATE OF SERVICE<br><br>(RE: DEFENDANT CONTINENTAL CASUALTY CO.'S RESPONSE TO NAHAS' REQUESTS FOR PRODUCTION TO CONTINENTAL CASUALTY CO., DATED APRIL 17, 2006) |

### CERTIFICATE OF SERVICE

I hereby certify that an original and one copy of Defendant Continental

Casualty Co.'s Response to Nahas' Requests for Production to Continental

Exhibit G
page 16 of 17

1374472.1

Casualty Co., dated April 17, 2006, were duly served upon the following party by United States mail, postage prepaid, on  MAY 1 5 2006 , addressed as follows:

    MARK CLAYTON CHOATE, ESQ.
    JESSICA L. SRADER, ESQ.
    CHOATE LAW FIRM LLC
    424 North Franklin Street
    Juneau, Alaska 99801

    Attorneys for Plaintiff
    NEDA NAHAS

    DATED: Honolulu, Hawaii,  MAY 1 5 2006 .

                                     JOHN R. LACY
                                     RANDOLF L. M. BALDEMOR

                                     Attorneys for Defendant
                                     CONTINENTAL CASUALTY CO.



**CHOATE LAW FIRM** LLC
TRIAL LAWYERS

ALASKA • CALIFORNIA • HAWAII

424 North Franklin Street
Juneau, Alaska 99801
Telephone (907) 586-4490
Facsimile (907) 586-6633
lawyers@choatelawfirm.com

August 9, 2006                                  Faxed Only to: (808) 547-5880

John Lacy, Esq.
Randolf Baldemor, Esq.
Goodsill, Anderson, Quinn & Stifel
Alii Place, Ste. 1800
1099 Alakea Street
Honolulu, HI  96813

        Re:     East Coast Depositions
        Case:   *Nahas, Neda v. CNA [22673]*
        Client:  Neda Nahas
        CLF:    22673
        D/O:    September 14, 2000

Dear Counsel:

This letter follows up on the depositions I identified in my April 14, 2006 letter.  We need to make a trip to the East Coast to take the depositions of Chemonics' personnel, Russell Munsey, the current Claims Examiner and perhaps some 30(b)(6) designees for Continental.  I'd like to those depositions the week of October 20, 2006.  I expect no more than a full day of deposition at each location (Chemonics and Continental).  Please let me know whether this will work for you and your client.  If these proposed dates do not work for you, please provide me with other dates in either late September or the month of October and I will immediately get these depositions on calendar and issue notices.

Sincerely,

Mark Choate
CHOATE LAW FIRM, LLC

cc: Client

Exhibit H
page 1 of 1