IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

NEDA NAHAS,                     )     CIVIL NO. 03-00478 HG-LEK
                               )
          Plaintiff,           )
                               )
     vs.                       )
                               )
CONTINENTAL CASUALTY COMPANY,  )
                               )
          Defendant.           )
_____)

**AMENDED REPORT OF SPECIAL MASTER ON PLAINTIFF'S
NON-HEARING MOTION FOR ATTORNEYS' FEES AND COSTS**

Before the Court, pursuant to a designation by Senior
United States District Judge Helen Gillmor, is Plaintiff Neda
Nahas' ("Plaintiff") Non-Hearing Motion for Attorneys' Fees and
Costs ("Motion"), filed on February 28, 2010.  Plaintiff requests
an award of $91,286.25 in attorneys' fees and $5,916.74 in costs.
Defendant Continental Casualty Co. ("Defendant") filed its
memorandum in opposition on March 25, 2010, and Plaintiff filed
her reply on April 9, 2010.  Pursuant to this Court's
instructions in the original Report of Special Master, filed on
April 30, 2010,[1] Plaintiff filed a supplemental affidavit on
May 11, 2010, and Defendant filed its response on May 20, 2010.
The Court finds this matter suitable for disposition without a
hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice

---

[1] This Court withdrew the original Report of Special Master
on May 24, 2010.  This Amended Report of Special Master replaces
and supercedes the original Report.

of the United States District Court for the District of Hawai`i ("Local Rules").   After reviewing the parties' submissions and the relevant case law, the Court FINDS and RECOMMENDS that the Plaintiff's Motion be GRANTED IN PART AND DENIED IN PART.   The Court RECOMMENDS that the district judge award Plaintiff $65,491.25 in attorneys' fees.

### BACKGROUND

While Plaintiff was employed by Chemonics International ("Chemonics"), she was insured under a Group Long Term Disability Insurance Plan ("Plan").   The Plan was governed by the Employee Retirement Income Security Act ("ERISA").   Defendant, the Plan's administrator, funded the Plan and evaluated claims.   On December 13, 200, after being diagnosed with an acute cytomegalovirus infection, Plaintiff filed a claim for long term disability insurance benefits.   She was later diagnosed with Chronic Fatigue Syndrome.   Defendant denied her claim, and Defendant's internal appeals committee affirmed the denial. Plaintiff filed this action on September 9, 2003, alleging that Defendant abused its discretion when it denied her claim.

On June 17, 2005, the district judge issued an order granting summary judgment in Plaintiff's favor ("2005 Summary Judgment Order").   The district judge found that: Defendant's decision to deny Plaintiff's claim was not supported by the evidence in the administrative record; Defendant improperly

ignored reliable evidence of Plaintiff's disabling conditions; the denial of benefits was an abuse of discretion; Defendant's funding of the Plan and its evaluation of claims created a conflict of interest; Plaintiff was entitled to benefits under the Plan; and Plaintiff was entitled to reasonable attorneys' fees and costs.  On August 23, 2005, the district judge remanded the case to allow Defendant to determine the benefits to which Plaintiff was entitled.

On August 22, 2006, Plaintiff filed an application to reopen the case while the parties conducted discovery about the amount of her benefits.  Plaintiff stated that she was receiving a minimum benefit of $231.00 and that Continental had determined her monthly earnings to be $3,850.00.  She alleged that her actually earnings were approximately $10,000.00 per month.  The district judge granted the application and reopened the case on August 23, 2006.

On August 27, 2009, Plaintiff filed her Motion for Summary Judgment on Benefit Determination Pursuant to Court's August 23, 2005 Order.  The district judge issued an order granting the motion on January 29, 2010 ("2010 Summary Judgment Order").  The district judge ruled that Defendant "abused its discretion by construing provisions of the Plan in a way that conflicts with the Plan's plain language."  [2010 Summary Judgment Order at 6.]  The district judge considered the

following factors in reviewing its determination of Plaintiff's benefits: Defendant's structural conflict of interest (funding the Plan and reviewing claims); Defendant's repeated reliance on improper reasons to deny or limit Plaintiff's claims; and the procedural irregularities in Defendant's determination of Plaintiff's benefits. [Id. at 8-12.]

The district judge concluded that Defendant's interpretation of "monthly wage or salary" was contrary to the Plan's plain language. Defendant interpreted the term to refer only to Plaintiff's base salary, and Defendant excluded other taxable payments that had been contracted for. The district judge ruled that Plaintiff was entitled to disability benefits based all taxable amounts. [Id. at 12-17.] The district judge found that Plaintiff's average monthly wage or salary was $10,471.79, and that Plaintiff was entitled to monthly disability benefits of $6,283.07, less offsets. [Id. at 17-19.] Judgment was entered on February 4, 2010.

In the instant Motion, Plaintiff seeks an award of an award of $91,286.25 in attorneys' fees and $5,916.74 in costs pursuant to 29 U.S.C. § 1132(g)(1). She argues that, in the Ninth Circuit, a prevailing plaintiff in an ERISA action is presumptively entitled to attorneys' fees and costs, unless there are special circumstances which would make an award unjust. Plaintiff argues that the majority of the factors in the five-

4

part test set forth in <u>Hummell v. S.E. Rykoff & Co.</u>, 634 F.2d
446, 453 (9th Cir. 1980), favor an award of attorneys' fees.
Defendant's actions in this matter establish culpability;
Defendant is able to satisfy a fee award; an award of fees would
deter Defendant and other companies from similar actions in the
handling of claims; and the merits of Plaintiff's case support a
fee award.  Plaintiff acknowledges that the instant case did not
seek either to benefit all Plan participants or to resolve a
significant question of ERISA law.

Plaintiff argues that counsel's hourly rate of $275 per
hour, and the number of hours expended in this case were
reasonable and consistent with prior decisions in this district.
Plaintiff also argues that the requested costs are reasonable
and, with the exception of travel and lodging, are allowable
under 28 U.S.C. § 1920(1)-(4) and Local Rule 54.2(f).  Plaintiff
argues that other case law supports an award of costs for travel
expenses that were necessary to the case.

In its memorandum in opposition, Defendant first
emphasizes that an award of attorneys' fees and costs in an ERISA
action is discretionary.  Defendant agrees that the <u>Hummell</u>
analysis applies, but Defendant contends that those factors do
not support an award.  The district judge did not find that it
acted in bad faith, nor there is any evidence of bad faith.
Defendant asserts that its employees gave Plaintiff's claim

careful examination and research, and it reasonably relied on its employees' findings in deciding Plaintiff's claim.  Defendant also contends that the ability to pay is a neutral factor because "both parties are equally capable of paying attorneys' fees, given Plaintiff's award of monthly long-term disability benefits in the amount of $6,283.07, less offsets." [Mem. in Opp. at 7 (citing Honolulu Joint Apprenticeship and Training Committee of United Ass'n Local Union 675 v. Foster, 332 F.3d 1234, 1239 (9th Cir. 2004)).]  Further, an award would not have a deterrent effect because Defendant did not engage in any bad faith or culpable conduct which needs to be deterred.  In Defendant's view, the district judge merely disagreed with Defendant's reasonable interpretation of "wage or salary".  For example, Defendant asserts that it could not have anticipated that the district judge would apply a non-controlling Ninth Circuit decision based on retirement policy specific to Nevada. Defendant emphasizes that Plaintiff concedes the fourth Hummell factor does not support an award in this case.  Fifth, the mere fact that Plaintiff prevailed in this case is not sufficient to warrant an award of attorneys' fees.

Defendant next argues that, because the district judge's order remanding the matter for the calculation of benefits did not grant Plaintiff attorneys' fees and costs, Plaintiff is not entitled to fees and costs associated with the

remand.  Defendant also notes that the 2010 Summary Judgment order did not grant Plaintiff attorneys' fees and costs. Defendant therefore argues that the Motion should be denied in its entirety.

If the Court finds that Plaintiff is entitled to attorneys' fees, Defendant argues that counsel's hourly rate is unreasonably high.  Defendant emphasizes that Plaintiff's counsel never litigated an ERISA case before this one, and Plaintiff did not submit any evidence that the requested rate is reasonable. Defendant argues that Plaintiff cannot rely on awards either in ERISA cases outside of Hawai`i or in Hawai`i cases litigated by attorneys with specialized experience in a particular area of law.

Defendant also argues that the Court should reduce the number of hours that counsel requests.  First, Defendant points out that the parties entered into a settlement agreement on September 25, 2005, and it provided that Plaintiff would hold Defendant harmless for the attorneys' fees and costs associated with the Motion for Attorneys' Fees and Costs and Bill of Costs, filed on June 30, 2005 ("First Fee Motion").  The settlement agreement included a release of fees prior to September 27, 2005. Defendant argues that Plaintiff now seeks to recover attorneys' fees incurred between June 23, 2005 and September 26, 2005 based on work that could have been referred to in the First Fee Motion.

7

Such fees are not compensable under the settlement agreement and should be excluded if the Motion is granted.

Defendant also argues that the Court must exclude approximately fifty hours of excessive or unnecessary work, as well as the time counsel spend researching ERISA law, which was necessary because of counsel's lack of experience.  Defendant further contends that some of counsel's entries must be excluded because they do not contain sufficient descriptions of the work performed, and counsel's travel time should be excluded because Local Rule 54.2(f)(2) prohibits the recover of costs of travel to attend depositions.  The Court must also exclude time spent on clerical or administrative tasks.

Finally, Defendant argues that the Court should not consider Plaintiff's request for costs because it is duplicative of his Bill of Costs, and because the district judge granted Defendant's objections to Plaintiff's Bill of Costs.

In her reply, Plaintiff reiterates the arguments raised in the Motion.  In addition, Plaintiff argues that the fact that the 2010 Summary Judgment Order did not award her attorneys' fees and costs does not preclude such an award.  The issue was not before the district judge at that time.  She also argues that it is unreasonable to expect successful ERISA plaintiffs to use their benefits award to pay their attorneys' fees and costs; awards of attorneys' fees and costs are necessary to enable ERISA

plaintiffs to bring their cases to court.  As to counsel's hourly rate, Plaintiff notes that there are no recognized ERISA specialists in Hawai`i, and Defendant did not identify what purportedly "expert" ERISA attorneys charge.  As to the number of hours in the request, Plaintiff concedes that fees that came after the filing of the first motion for attorneys' fees but before the settlement agreement should be deducted from the requested fees in the instant Motion.  Plaintiff, however, maintains that the remaining hours were all reasonably expended.

Plaintiff's May 11, 2010 supplemental affidavit provided documentary support for the travel expenses that Plaintiff's counsel incurred in this case.

In its May 20, 2010 response to Plaintiff's supplemental affidavit, Defendant argues that ERISA does not allow a prevailing party to recover her attorney's travel expenses as part of the costs of action.  Defendant further argues that, if the Court does find that Plaintiff is entitled to recover counsel's travel costs, Plaintiff is not entitled to travel costs which she identified for the first time in the supplemental affidavit.

## DISCUSSION

### I.   Entitlement to Attorneys' Fees & Costs

Plaintiff seeks attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1), which states: "In any action under this

subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." At the outset, this Court rejects Defendant's argument that the district judge's failure to address the issue of attorneys' fees and costs in either the order remanding the matter for the calculation of benefits or the 2010 Summary Judgment Order precludes or limits an award in this case. Although the district judge could have addressed attorneys' fees and costs in those orders, her silence on the issue cannot be construed as a denial of any request for fees and costs, particularly in light of ERISA case law discussed *infra*.

Defendant otherwise agrees with Plaintiff that the Court must consider the following five factors in determining whether to award attorneys' fees and costs in this case:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

McBride v. PLM Int'l, Inc., 179 F.3d 737, 746 (9th Cir. 1999) (quoting Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir. 1980)). The Ninth Circuit, however, has stated that, in employing a Hummell analysis, a court must heed the principle

10

that § 1132(g)(1) "should be read broadly to mean that a plan participant or beneficiary, if he prevails in his suit under § 1132 to enforce his rights under his plan, should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." <u>Carpenters Health & Welfare Trust for S. Cal. v. Vonderharr</u>, 384 F.3d 667, 674 (9th Cir. 2004) (citation and quotation marks omitted).

### A.   <u>Culpability or Bad Faith</u>

Although the district judge did not expressly find that Defendant acted in bad faith, her findings in the 2010 Summary Judgment Order support a finding of culpability for purposes of the <u>Hummell</u> analysis.  The district judge noted that Defendant continues to operate with a structural conflict of interest, both funding the Plan and reviewing claims for benefits under the Plan.  [2010 Summary Judgment Order at 8.]  The district judge also noted that Defendant had a "history of repeatedly denying or limiting Plaintiff's claim for improper reasons."  [<u>Id.</u> at 9.]  In addition, the district judge stated that "Defendant's statement that 'partial year' W-2 information would not be considered under the Plan, in addition to Defendant's failure to properly investigate Plaintiff's benefit claim, amounts to a procedural irregularity and raises the Court's level of skepticism."  [<u>Id.</u> at 11-12.]  Ultimately, the district judge found that Defendant's interpretation of "monthly wage or salary"

was contrary to the Plan's plain language and constituted an
abuse of discretion.  [Id. at 14.]

Viewing the 2010 Summary Judgment Order pursuant to the
principles underlying the "special circumstances doctrine", this
Court finds that the degree of Defendant's culpability in this
case weighs in favor of an award of attorneys' fees and costs.

**B.   Defendant's Ability to Satisfy an Award**

Defendant apparently concedes that it is able to
satisfy an award, but it argues that this factor is neutral
because Plaintiff is equally able to bear the cost of her
attorneys' fees.  First, this factor only requires the
consideration of the opposing party's ability to pay.  Defendant
cites Honolulu Joint Apprenticeship & Training Committee of
United Ass'n Local Union No. 675 v. Foster, 332 F.3d 1234 (9th
Cir. 2003), which looked at the moving party's ability to pay.
In that case, however, the moving party, Foster, was the
defendant employer, and an organization of non-union employers
paid for his legal fees.  See 332 F.3d at 1238-39.  Thus, the
"special circumstances doctrine" did not apply, and this Court
declines to consider Honolulu Joint Apprenticeship.

Further, § 1132(g)(1) exists so that so that a
successful ERISA participant need not use her benefits award to
pay her attorneys fees.  In fact, in cases where both the
plaintiff and the defendant claimed entitlement to a § 1132(g)(1)

12

award because of partial success, courts have rejected the use of a plaintiff's benefits award to pay the defendant's attorneys' fees. See Miller v. Cont'l Cas. Co., No. C 95-0414 FMS, 1995 WL 779121, at *6 (N.D. Cal. Dec. 4, 1995) ("Although neither party presents any evidence of plaintiff's financial position, the Court is unwilling to force plaintiff to use even a small percentage of his disability benefits to pay the legal fees of a presumably solvent company such as Continental." (citing Marquardt v. North Am. Car Corp., 652 F.2d 715, 718 (7th Cir. 1981) (noting that ability to pay is "important factor" and concluding that it would be unjust to require plaintiff "to sacrifice even a part of his modest pension" which he received in return for voluntarily dismissing his suit))). This Court will not consider Plaintiff's ability to pay for her attorneys' fees from her benefits.

This Court therefore finds that Defendant's ability to satisfy an award of attorneys' fees and costs weighs in favor of granting the Motion.

## C. **Deterrent Effect**

This Court finds that an award of attorneys' fees and costs would deter Defendant, and other similarly situated companies, from engaging in the type of conduct discussed *supra*. The third factor therefore weighs in favor of granting the Motion.

13

D.   **Benefit to All Participants or Significant Legal
     Questions**

Plaintiff concedes that this case did not seek either
to benefit all participants in the Plan or to resolve a
significant question of ERISA law.  This factor therefore weighs
against an award of attorneys' fees and costs.

E.   **Merits of the Parties' Positions**

Insofar as the district judge granted summary judgment
in Plaintiff's favor and ordered a significant increase in
Plaintiff's disability benefits, this Court finds that the
relative merits of the parties' positions favor an award of
attorneys' fees and costs.

Finally, the Court notes that Defendant has not
identified any special circumstances that would make an award of
attorneys' fees and costs in this case unjust.  This Court
therefore FINDS that Plaintiff is entitled to her reasonable
attorneys' fees and costs in this case, including those incurred
during remand, pursuant to § 1132(g)(1).

II.  **Calculation of Fee Award**

Under federal law, reasonable attorneys' fees are
generally based on the traditional "lodestar" calculation set
forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See
Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).
The court must determine a reasonable fee by multiplying "the

14

number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433.  Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  See Fischer, 214 F.3d at 1119 (citation omitted).

> The factors the Ninth Circuit articulated in Kerr are:
>
> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70.  Factors one through five have been subsumed in the lodestar calculation.  See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent may not be considered in the lodestar calculation. See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).  Once calculated, the "lodestar" is

presumptively reasonable.  See Pennsylvania v. Delaware Valley
Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see
also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar
figure should only be adjusted in rare and exceptional cases).

Plaintiff requests the following lodestar amount for
work counsel performed in this case:

| ATTORNEY | HOURS | RATE | LODESTAR |
|----------|-------|------|----------|
| Mark Choate | 331.95 | $275 | $91,286.25 |

[Exhibit to Motion, Invoice (dkt. no. 97-4).[2]]  Mr. Choate has
been practicing law since 1980 and is licensed in Alaska,
California, and Hawai`i.  He states that the instant case is his
only experience with ERISA litigation.  [Motion, Aff. of Counsel
at ¶¶ 3-4.]  He states that he does most of his work on a
contingency basis and, when he does hourly work, he charges a
minimum of $375 per hour.  Mr. Choate elected not to claim the
time spent by staff associates, contract attorneys, or support
staff in this case.  He also excluded the vast majority of his
office's attempts to schedule conferences with Plaintiff that
were unsuccessful because of her health limitations.  [Id. at ¶¶
5-6, 8.]

A.   **Reasonable Hourly Rate**

In determining whether an hourly rate is reasonable,

---

[2] The supporting documents to the Motion are not identified
as numbered exhibits.  The Court will therefore provide the
docket numbers for the supporting documents.

the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").  It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).  Although Plaintiff did not submit other evidence in this case, this Court is well aware of the prevailing rates in the community.

Mr. Choate has been practicing law since 1980.  The Court typically awards attorneys with approximately the same amount of experience $280 or $285 per hour.  See, e.g., Ko Olina Dev., LLC v. Centex Homes, CV 09-00272 DAE-LEK, Order Awarding Attorneys' Fees and Costs, filed 2/9/10 (dkt. no. 126), at 4, 7-8 (attorney licensed since 1976 requested $490 per hour and was awarded $280); Nicholas M. v. Dep't of Educ., State of Hawaii, CV 09-00162 HG-LEK, Report of Special Master on Plaintiffs' Motion Determining Plaintiffs as Prevailing Party and for Award of

Attorneys' Fees and Costs, filed 12/3/09 (dkt. no. 17), at 7-9 (requested hourly rate of $285 per hour for attorney licensed since 1972 was manifestly reasonable);[3] Ware v. Chertoff, CV 04-00671 HG-LEK, Report of Special Master on Plaintiff's Motion for Attorney's Fees and Related Non-taxable Costs, filed 6/27/08 (dkt. no. 249), at 15-17 (attorney admitted to practice in 1979 requested $350 per hour, but received $280 per hour);[4] and Goray v. Unifund CCR Partners, et al., CV 06-00214 HG-LEK, Report of Special Master on Plaintiff's Motion for Attorney's Fees and Costs, filed 6/13/08 (dkt. no. 88), at 9-12 (attorney admitted to practice in 1976 requested $300 per hour, but received $280).[5]

Thus, even though Mr. Choate did not have any prior experience in ERISA litigation, the Court finds his requested hourly rate of $275 to be manifestly reasonable. The Court will consider Mr. Choate's lack of ERISA experience in determining the number of hours reasonably expended in this case. The Court will exclude any time it finds to be attributable to Mr. Choate's lack of ERISA experience.

**B.   Hours Reasonably Expended**

---

[3] The district judge in Nicholas M. adopted this Court's Report of Special Master on January 21, 2010.

[4] The district judge in Ware adopted this Court's Report of Special Master on August 12, 2008.

[5] The district judge in Goray adopted this Court's Report of Special Master on July 11, 2008.

Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

### 1.   Settlement Agreement

Plaintiff concedes that the parties' settlement agreement precludes the recovery of fees incurred after the filing of the First Fee Motion but before the settlement agreement.  [Reply at 5-6.]  This Court will therefore exclude 61.35 hours from Mr. Choate's time from June 23, 2005 to September 26, 2005.  In addition, this Court will also exclude 1.7 hours incurred after that period for work related to the

19

settlement agreement.

### 2. __Self-imposed Fees__

Defendant argues that the Court should deduct 49.90 hours from Mr. Choate's time for tasks that were avoidable and self-imposed. [Mem. in Opp. at 20-21.] The Court agrees with Defendant in part and will exclude the time that counsel spent conversing or corresponding with Plaintiff about the status of her health or other personal matters, such as her house fire or the fact that her email and fax were not working. For example, Plaintiff would call to say that she has been too ill to review documents that counsel sent her. The Court acknowledges that Mr. Choate excluded a significant portion of his office's time spent on such tasks. [Motion, Aff. of Counsel at ¶ 6.] The Court, however, finds that even the relatively small number of such hours included in the Motion is not reasonable. The Court will therefore deduct 3.0 hours from Mr. Choate's time.

In addition, the Court agrees with Defendant that the 32.0 hours that Mr. Choate spent preparing for the three depositions in January 2007 was excessive. The Court will therefore deduct 10.0 hours from Mr. Choate's time.

The Court finds that the remainder of the hours which Defendant challenges as self-imposed were reasonable and therefore compensable, unless otherwise excluded *infra*.

### 3. __Fees to Gain Competence in Hawai`i ERISA Law__

Defendant argues that the 8.0 hours that Mr. Choate spent on November 1, 2008 researching ERISA law for the motion for summary judgment was excessive and was only necessary because he lacked experience in ERISA litigation.  [Mem. in Opp. at 22.] While some research to support a motion for summary judgment is certainly required, this Court agrees that Mr. Choate's time was slightly excessive.  The Court will therefore deduct 2.0 hours from his time.

In addition, Defendant argues that the Court should exclude the 10.75 hours that Mr. Choate spent on February 15, 2010 researching ERISA law, policy, and Hawai`i law for motions regarding a cost of living adjustment and prejudgment interest. Defendant contends that such time was only necessary because of Mr. Choate's lack of experience, particularly because Plaintiff never filed these two motions.  [Id. at 22-23.]  This Court agrees and will deduct the 10.75 hours from Mr. Choate's time.

### 4.   Insufficient Descriptions

Defendant argues that the Court should deduct 34.6 hours from Mr. Choate's time because the task descriptions he provided did not comply with Local Rule 54.3(d)(2).  [Id. at 23-24.]  That provision states:

> The party seeking an award of fees must describe adequately the services rendered, **so that the reasonableness of the requested fees can be evaluated**.  In describing such services, counsel should be sensitive to matters giving rise to attorney-client privilege and attorney work

21

product doctrine, but must nevertheless furnish an adequate non-privileged description of the services in question.  If the time descriptions are incomplete, or if such descriptions fail to describe adequately the services rendered, **the court may reduce the award accordingly**.  For example, time entries for telephone conferences must include an identification of all participants and the reason for the call; entries for legal research must include an identification of the specific issue researched and, if possible, should identify the pleading or document for which the research was necessary; entries describing the preparation of pleadings and other papers must include an identification of the pleading or other document prepared and the activities associated with such preparation.

Local Rule LR54.3(d)(2) (emphases added).

Thus, the ultimately issue is whether there is sufficient information to allow the Court to evaluate the reasonableness of the work that counsel performed.  If the descriptions are insufficient, the Court has the discretion to reduce counsel's requested hours.

In the instant Motion, there are some entries that do not comply with the specific descriptive requirements set forth in Local Rule 54.3(d)(3).  This Court, however, finds that, as a whole, there is sufficient information in Mr. Choate's description to allow this Court to evaluate the reasonableness of his work on this case.  The Court therefore declines to reduce Mr. Choate's hours for insufficient descriptions.

The Court cautions Mr. Choate that, in future cases, he should submit time records that comply with the specific

requirements of Local Rule 54.3(d)(3).  If he fails to do so, the Court may reduce his requested hours because of the insufficient descriptions.  The Court also notes that Mr. Choate occasionally employed block billing.[6]  The Court cautions him that he should avoid this practice in future cases because it prevents the Court from reviewing the reasonableness of the time spent on each task. If he continues to use block billing, this Court may employ a percentage reduction.

### 5.  Travel

Defendant argues that the Court should exclude the 24.0 hours that Mr. Choate spent traveling to and from Washington D.C. for the January 2007 depositions because Plaintiff cannot recover counsel's expenses for travel to attend depositions under Local Rule 54.2(f)(2).  [Mem. in Opp. at 24.]  First, Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.2 do not apply because they govern requests for taxable costs, not motions for attorneys' fees and costs based on statutory authority such as 29 U.S.C. § 1132(g)(1).  "This Court typically allows counsel to claim reasonable travel time for case-related travel to and from the other islands or the mainland."  Melodee H., et al. v. Dep't

---

[6] "The term 'block billing' refers to the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks."  Robinson v. City of Edmond, 160 F.3d 1275, 1284 n.9 (10th Cir. 1998) (citations and quotation marks omitted).

of Educ., State of Hawaii, CV 07-00256 HG-LEK, Report of Special
Master on Plaintiffs' Motion for an Award of Attorneys' Fees and
Costs, filed 9/23/08 (dkt. no. 40) at 27 (citations omitted).[7]

The Court finds that the depositions Mr. Choate
attended in Washington D.C. were necessary to Plaintiff's case
and that his travel to attend those depositions was reasonable.
The Court therefore rejects Defendant's argument that the 24.0
travel hours should be excluded.

### 6.   Clerical or Ministerial Tasks

Finally, Defendant argues that the Court should deduct
6.5 hours from Mr. Choate's time for administrative or clerical
tasks.  [Mem. in Opp. at 25.]  This Court agrees that such tasks
are not compensable because "[c]lerical or ministerial costs are
part of an attorney's overhead and are reflected in the charged
hourly rate."  See Jeremiah B., et al. v. Dep't of Educ., CV 09-
00262 DAE-LEK, Report of Special Master on Award of Attorneys'
Fees and Costs, filed 1/29/10 (dkt. no 26), at 11 (citing Sheffer
v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D.
Pa. 2003)).[8]  Receiving and sending mail, personally delivering
documents, preparing documents for electronic filing, making
airline and hotel reservations, communicating with the Clerk's

---

[7] The district judge in Melodee H. adopted this Court's
Report of Special Master, as amended, on October 27, 2008.

[8] The district judge in Jeremiah B. adopted this Court's
Report of Special Master on February 22, 2010.

24

Office (which includes the judges' courtroom managers), and scheduling client conferences are non-compensable clerical tasks. The Court will therefore deduct 5.0 hours from Mr. Choate's time for clerical or ministerial tasks.

The Court finds that the remainder of counsel's time was necessary and reasonable in this case.

### C.    Total Lodestar Award

Based on the foregoing, this Court FINDS that Plaintiff has established the appropriateness of an award of attorneys' fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Mark Choate | 238.15 | $275 | $65,491.25 |

The Court declines to adjust the award based on the remaining Kerr factors.

## III. Calculation of Costs

Plaintiff request the following costs in the Motion:

| | |
|---|---|
| Appearance fees & photocopies | $  178.62 |
| Deposition transcripts | $3,811.95 |
| Travel expenses | $1,926.17 |
| **TOTAL** | **$5,916.74** |

[Motion, Cost Report (dkt. no. 97-5).]

### A.    Replication of Bill of Costs

Defendant argues that the Court should not consider this request because Plaintiff included these costs in her Bill of Costs, filed February 18, 2010, [dkt. no. 99,] and the district judge denied the requests in Plaintiff's Bill of Costs and

25

granted Defendant's objections to the Bill of Costs.  [Order
Adopting Report of Special Master on Defendant's Objections to
Plaintiff's Bill of Costs (Doc. 110), filed 4/9/10 (dkt. no.
116).]  The district judge, however, granted Plaintiff leave to
amend.  [Id. at 1.]  Plaintiff filed her Second Amended Bill of
Costs on April 9, 2010,[9] seeking $3,251.95 in deposition
transcripts and $80.00 in witness fees.  [Dkt. no. 117.]
Defendant did not file any objections to the Second Amended Bill
of Costs, and the Clerk's Office taxed the requested costs on
April 28, 2010.  [Dkt. no. 120.]

Insofar as Plaintiff either included or could have
included the appearance fees, photocopying costs, and deposition
transcript costs requested in the instant Motion in her Second
Amended Bill of Costs, this Court RECOMMENDS that the instant
Motion be DENIED WITH PREJUDICE as to those items.

B.   **Travel Expenses**

Plaintiff, however, could not have included her
attorney's travel expenses in her Second Amended Bill of Costs.
See Local Rule LR54.2(f)(2) ("The expenses of counsel for
attending depositions are not allowable.").  Plaintiff properly
requests the travel expenses in the instant Motion.

Plaintiff states that the travel expenses were for the

---

[9] Plaintiff filed an Amended Bill of Costs on April 8, 2010,
[dkt. no 113,] which is superceded by the Second Amended Bill of
Costs.

26

Washington D.C. depositions of two human resources employees for Chemonics and of Defendant's principal adjuster for Plaintiff's disability claim.  [Mem. in Supp. of Motion at 13.]  Plaintiff argues that 29 U.S.C. § 1132(g)(1) authorizes an award of necessary and reasonable travel expenses.  [Suppl. Aff. at ¶ 3.]

The Ninth Circuit, however, has held that § 1132(g)(1)'s "allowance for 'costs of action' empowers courts to award only the types of 'costs' allowed by 28 U.S.C. § 1920, and only in the amounts allowed by section 1920 itself, by 28 U.S.C. § 1821 or by similar such provisions."  See Agredano v. Mutual of Omaha Companies, 75 F.3d 541, 544 (9th Cir. 1996) (citation omitted).  Travel expenses are not one of costs recoverable under § 1920, and therefore they are not recoverable under § 1132(g)(1).  This Court FINDS that Plaintiff is not entitled to counsel's travel costs under 29 U.S.C. § 1132(g)(1) and RECOMMENDS that Plaintiff's request for counsel's travel expenses be DENIED WITH PREJUDICE.

## CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that Plaintiff's Non-Hearing Motion for Attorneys' Fees and Costs, filed February 28, 2010, be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that the district judge award Plaintiff $65,491.25 in attorneys' fees. Further, the Court RECOMMENDS that Plaintiff's request for costs

be DENIED WITH PREJUDICE.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, May 26, 2010.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**NEDA NAHAS V. CONTINENTAL CASUALTY COMPANY; CIVIL 03-00478 HG-LEK; AMENDED REPORT OF SPECIAL MASTER ON PLAINTIFF'S NON-HEARING MOTION FOR ATTORNEYS' FEES AND COSTS**